Eastern District of Kentucky
FILED

FEB 19 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 0:26-CR-13-S-KKC**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**V.**                          **PLEA AGREEMENT**

**CLYDE R. ENDICOTT**
  **aka RUDY**                                              **DEFENDANT**

\* \* \* \* \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Superseding Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the Underlying Indictment as well as Counts Two, Three, Four, Five, Six, and Seven of the Superseding Indictment.  Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.    The essential elements of Count One are:

    (a)    Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b)    The Defendant knew of the conspiracy and its objects, aims, and goals;

(c)    The Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

(d)    The amount of controlled substances attributable to the Defendant as a result of Defendant's own conduct and the conduct of other co-conspirators reasonably foreseeable to the Defendant was at least 500 of a mixture or substance containing a detectable amount of methamphetamine.

3.    As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)    Beginning in June 2023 and continuing until on or about July 30, 2025, the Defendant developed a relationship with a supplier from whom he regularly obtained methamphetamine. The Defendant would then regularly distribute this methamphetamine to other drug dealers in the Wolfe, Breathitt, and Magoffin County areas of the Eastern District of Kentucky. Based on the quantities of methamphetamine that he was distributing, the Defendant knew that these drug dealers intended to distribute this methamphetamine to others. In this way, the Defendant worked together with others to obtain and distribute more than 500 grams of methamphetamine.

(b)    Law enforcement used a confidential informant to make controlled purchases of methamphetamine from the Defendant at his residence in Wolfe County on the following dates and in the following amounts: August 8, 2024 (27.953 grams of a methamphetamine mixture); May 27, 2025 (128.9 grams of actual methamphetamine); June 9, 2025 (70.25 grams of actual methamphetamine); and July 28, 2025 (27.18 grams of actual methamphetamine). During the June 9, 2025 controlled purchase, the Defendant also sold a loaded firearm to the confidential informant.

(c)    On or about July 30, 2025, law enforcement executed a search warrant

2

at the Defendant's residence in Wolfe County. During a search of the residence, law enforcement located and seized over 3,000 grams of actual methamphetamine. The Defendant had obtained this methamphetamine from his supplier and intended to distribute it to other drug dealers in the Eastern District of Kentucky.

4.    The statutory punishment for Count One is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 30,000 kilograms but less than 90,000 kilograms of converted drug weight, which corresponds to a base offense level of 36.

(c)    Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because a dangerous weapon was possessed.

(d)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category

3

pursuant to U.S.S.G. Chapter 4.

7.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10.    The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Superseding Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Superseding Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim

or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT U.S. ATTORNEY

Date: 2/19/2026          By: _____

Andrew H. Trimble
Assistant United States Attorney

Date: 2/19/2026          _____

Clyde Endicott
Defendant

Date: 2/19/2026          _____

Noah Robert Friend
Attorney for Defendant

6